The Honorable Richard A. Jones
The Honorable Brian A. Tsuchida

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| PACIFIC COUNTY TEA PARTY IE: The PRIVATE SECTOR,<br><br>Plaintiff,<br><br>v.<br><br>VARIOUS DEEP STATE & FEDERAL OFFICIALS and EMPLOYEES OF THE PUBLIC SECTOR: Governor Jay Inslee, Seattle Mayor Jenny Durkan, Seattle City Council Members, Attorney General Bob Ferguson, UW Law Professors, Chaz Leaders 1-1000, Secretary of State Kim Wyman, County Auditors 1-39, and Jane and John Does 1-1000,<br><br>Defendants. | NO. 2:20-cv-00971-RAJ-BAT<br><br>REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS<br><br>NOTED: APRIL 30, 2021 |

## I.     INTRODUCTION

Rather than engage the substance of the Defendants' Motion to Dismiss, the Pacific County Tea Party doubles down on the same tactic that characterizes its amended complaint: hurling implausible legal conclusions at the wall in hope that one will stick. Even if the Tea Party were permitted to litigate without an attorney—which it is not—the Court should not entertain such sweeping claims that lack factual support. Pursuant to FRCP 12(b)(1), (4), (5), and (6), the Court

1

should dismiss the Tea Party's complaint with prejudice.[1]

## II.   ARGUMENT

### A.   The Tea Party Says Nothing to Overcome Its Failure to Comply with Basic Procedural Rules

Legal entities like the Tea Party may not litigate without representation. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–03 (1993); LCR 83.2(b)(3). Notwithstanding his repeated appearances in court as a pro se litigant, O'Hagan is not a licensed attorney. That alone is sufficient basis for dismissing the Tea Party's complaint.

O'Hagan's proclamation of the "absurdness" of this requirement does not vindicate the Tea Party of its obligations to comply with this Court's rules. Dkt. No 24, at 4. The Tea Party appears to suggest that, because its members were "kidnapped and turned into political prisoners," it need not be represented by a member of the bar. Dkt. No. 24, at 5. It is unclear what the Tea Party means by "political prisoner," as there is no evidence suggesting that O'Hagan is detained. Nor is it clear how this bears on this case: O'Hagan is not a party to this litigation. The Tea Party's suit cannot proceed without counsel.

### B.   Even Looking Past the Complaint's Procedural Defects, the Tea Party's Claims Strain Credulity

The Tea Party's complaint fails to live up to even the most lenient pleading standards. Federal courts do not "entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . obviously frivolous, . . . or no longer open to discussion." *Zeiny v. United States*, No. 5:12-CV-02752 EJD, 2012 WL 4845617, at *6 (N.D. Cal. Oct. 10, 2012) (*Zeiny I*) (quoting *Hagans v. Levine*, 415 U.S. 528, 537 (1974)); *see also Zeiny v. United States*, No. 5:13-CV-01220 EJD,

---

[1] Governor Inslee, Attorney General Ferguson, and Secretary of State Kim Wyman have been served, but the other state defendants have not. In any event, the entire case should be dismissed with prejudice as to all defendants.

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS
NO. 2:20-CV-00971-RAJ-BAT

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

2014 WL 1051641 (N.D. Cal. Mar. 17, 2014) (*Zeiny II*); *Zeiny v. United States*, No. 17-CV-07023-HRL, 2018 WL 1367389 (N.D. Cal. Mar. 16, 2018) (*Zeiny III*). In the *Zeiny* trilogy, the plaintiff was a repeat player who, like O'Hagan, would bring "a collection of claims" that ultimately resulted in dismissal. 2012 WL 4845617 at *1. *Zeiny I* dealt with "vague allegations of a CIA conspiracy to infiltrate Islamic centers and control the ability of Muslims to exercise their religion." *Id.* at *6. *Zeiny II* involved a "speculative theory" by the same plaintiff alleging "a conspiracy of clandestine CIA control over Plaintiff's travel, religious practice, medical care, and employment." 2014 WL 1051641, at *4. *Zeiny III* addressed "a non-exhaustive list of twenty three acts of sabotage and harassment committed by the CIA against Zeiny." 2018 WL 1367389, at *1. In each of those cases, the court dismissed Zeiny's claims because they failed to "offer any particulars" and instead provided "purely speculative accusations" that lacked "the factual support needed to survive a motion under Rule 12(b)(6)." *Id.* at *3. The Tea Party's claims face the same trouble.

Like Zeiny, the Tea Party proffers vague accusations of a "Deep State" conspiracy but fails to substantiate its allegations with factual support. The amended complaint alleges, for example, that the "Deep State Defendants . . . are involved in maintaining protecting and promoting the Judicial Fraud Industry [that] sells injustices to the highest bidders." Dkt. 15, at ¶ 3. However, the Tea Party does not clarify what "injustices" the Defendants allegedly sold, when the bargain occurred, and who transacted with the Defendants. The accusation does not allege "enough facts to state a claim to relief that is plausible on its face." *Zeiny III*, 2018 WL 1367389, at *3 (quoting *Bell Atlantic Corp. v. Twombly*,

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS
NO. 2:20-CV-00971-RAJ-BAT

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

550 U.S. 544, 570 (2007)). The Tea Party's allegations, even when construed in their most favorable light, do not offer adequate factual substance to state a basis for relief.

The Tea Party's response to the Defendants' Motion to Dismiss only repeats this error while piling on additional legal conclusions. *See, e.g.*, Dkt. No. 24, at 9 ("The fact is the defendants have not denied the fact they violated RCW 42.17A.550 when AG Ferguson filed his lawsuit against President Trump and when Governor Inslee promised increasing social benefits."). But courts "will not assume the truth of legal conclusions." *Zeiny III*, 2018 WL 1367389, at *3 (citing *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). A "litany of complaints" without "any particulars" did not survive a 12(b)(6) motion in the *Zeiny* cases. *Id.* The same tactic should fail here.

The response also raises what appear to be new factual allegations, but these additions do nothing to remedy the complaint's lack of adequate factual material. *See, e.g.*, Dkt. No. 24, at 9 ("The fact is the defendants have not denied the fact the defendants are communist dictators that are addicted to power and riches, who utilized Nazi Gestapo tactics to satisfy their uncontrollable thirst for power."). These new allegations, like those found in the complaint, do not offer this Court the level of detail necessary to infer a basis for relief. Thus, this Court should decline to entertain the Tea Party's claims.

### III.  CONCLUSION

The Court should dismiss Pacific County Tea Party's complaint with prejudice.

DATED this 29th day of April 2021.

ROBERT W. FERGUSON
Attorney General

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS
NO. 2:20-CV-00971-RAJ-BAT

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*/s/ Paul M. Crisalli*
PAUL M. CRISALLI, WSBA #40681
Assistant Attorney General
*Attorneys for Defendants Bob Ferguson,*
*Governor Jay Inslee, and Secretary of State Kim*
*Wyman*

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS
NO. 2:20-CV-00971-RAJ-BAT

5

## DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be served, via U.S. Mail, via Consolidated Mail Services, on the following:

Pacific Coast Tea Party

2298 Cranberry Rd.

Grayland, WA 98547-9719

A courtesy copy was emailed to James J. O'Hagan at the following email address:

wayoutwest1@hotmail.com

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 29th day of April 2021, at Seattle, Washington.

/s/ Paul M. Crisalli
PAUL M. CRISALLI, WSBA #40681
Assistant Attorney General

REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS
NO. 2:20-CV-00971-RAJ-BAT

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744