UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC COUNTY TEA PARTY,<br><br>      Plaintiff,<br>  v.<br><br>JAY INSLEE, *et al.*,<br><br>      Defendant. | CASE NO. C20-00971-LK<br><br>ORDER GRANTING MOTION TO DISMISS |

  This matter came before the Court on a motion to dismiss filed by Defendants Governor Jay Inslee and Washington State Attorney General Bob Ferguson, (collectively, the "State Defendants"), Dkt. No. 22, the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Dkt. No. 31, objections to the Report and Recommendation filed by former plaintiff James O'Hagan, Dkt. No. 32, and the State Defendants' response to the objections, Dkt. No. 34. Having reviewed those documents and the balance of the record, the Court orders as follows.

  The background facts and procedural history are set forth in the Report and Recommendation ("R&R") (Dkt. No. 31) and are adopted here. The Court also adopts the

ORDER GRANTING MOTION TO DISMISS - 1

1  R&R's analysis and conclusion that dismissal is warranted because the only Plaintiff in this
2  action, Pacific County Tea Party, may not proceed without a lawyer. According to records from
3  the Washington Secretary of State's website, plaintiff Pacific County Tea Party is a dissolved
4  corporate entity, UBI# 604634978.[1]

5   As the United States Supreme Court has emphasized, "[i]t has been the law for the better
6  part of two centuries . . . that a corporation may appear in the federal courts only through
7  licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). The Ninth Circuit
8  has also reminded litigants that "[c]orporations and other unincorporated associations must
9  appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994);
10 *see also United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993)
11 (holding that corporation's president and sole shareholder could not make "an end run" around
12 the counsel requirement by intervening *pro se* rather than retaining counsel to represent the
13 corporation). Rule 83.2(b)(4) of the Local Rules of practice for civil proceedings before the
14 United States District Court for the Western District of Washington likewise requires that "[a]
15 business entity, except a sole proprietorship, must be represented by counsel."

16  Abiding by the long-established law requiring attorneys to represent corporations, courts
17 routinely refuse to consider submissions filed by non-attorneys on behalf of corporations. *See,*
18 *e.g., Glob. eBusiness Servs., Inc. v. Fin. Indus. Regul. Auth., Inc.*, 741 F. App'x 438, 439 (9th
19 Cir. 2018) ("We do not consider Ali's contentions on behalf of Global eBusiness Services, Inc.
20 because Ali, who is appearing pro se, may not represent a corporation."); *United States v. Newby*,
21 No. C18-5978-RBL, 2020 WL 569866, at *1 n.1 (W.D. Wash. Feb. 5, 2020), *aff'd,* 851 F. App'x
22
23
24

---

[1] The Court can take judicial notice of information on a government website. *See, e.g., Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010). The fact that the corporation is now dissolved does not suspend or abate these proceedings. Wash. Rev. Code § RCW 23B.14.050(2)(f).

ORDER GRANTING MOTION TO DISMISS - 2

757 (9th Cir. 2021) (declining to consider a non-attorney's response filed on behalf of a corporation because "[a]n artificial entity cannot appear *pro se* in this or any other court"); *Long v. Hollywood Vineyards, LLC*, No. C17-296-RSM, 2018 WL 5848836, at *1 (W.D. Wash. Nov. 8, 2018) (noting that the "[d]efendant, as a business entity, may not appear pro se," and concluding that "[non-attorney] James Gorman's filing, purportedly on behalf of Defendant, is improper and will not be considered").

In this case, James O'Hagan is the only person who signed the amended complaint and objections to the R&R, purportedly on behalf of Pacific County Tea Party. Dkt. No. 32 at 1. But Mr. O'Hagan readily admits that he is not an attorney. *Id.* ("I am not an attorney and as such I do not represent the Pacific County Tea Party[.]").[2]

Pleadings and papers filed by a non-attorney on behalf of a corporation or partnership are not valid. *See, e.g.*, *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.1 (9th Cir. 2004) (emphasizing that pleadings submitted by a non-attorney on behalf of a limited partnership "are not even valid"). Pacific County Tea Party cannot proceed pro se and cannot be represented by Mr. O'Hagan, so the claims purportedly filed on its behalf must be dismissed. Because dismissal is warranted on this basis, the Court does not reach the other justifications for dismissal enumerated in the R&R.

Furthermore, because Mr. O'Hagan cannot represent Pacific County Tea Party, the Court does not consider the objections he filed on its behalf.[3]

---

[2] The original complaint was signed by Mr. O'Hagan and the other now-dismissed individual plaintiffs; none of them claim to be attorneys who could represent the Tea Party. Dkt. No. 1. Mr. O'Hagan was a party in his own right, but he voluntarily dismissed his claims and is no longer pursuing any claims on his own behalf. Dkt. No. 15.

[3] Even if the Court were to consider those objections, they do not demonstrate that this suit should continue. Mr. O'Hagan cites a series of inapposite cases, none of which allowed a non-attorney to represent a corporation. Dkt. No. 32 at 1 (citing *NAACP v. Button*, 371 U.S. 415 (1963) among other authorities). Nor is there any authority that supports allowing Mr. O'Hagan to circumvent the requirement that a corporation must be represented by an attorney by declaring himself a "next friend."

Finally, the Court considers *sua sponte* whether to grant Pacific County Tea Party leave to amend. The Court declines to do so because Mr. O'Hagan's efforts to pursue claims on behalf of Pacific County Tea Party cannot be cured. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (explaining that a district court may deny leave to amend when amendment would be futile). Specifically, because the complainant in this action is an artificial entity that cannot simply re-file or amend its complaint pro se, there is no way to cure this fatal deficiency short of having a licensed attorney admitted to practice in this Court re-file the pleading. Moreover, Pacific County Tea Party has been on notice since at least March 2021 of its need to obtain counsel to pursue claims on its own behalf, but it has not obtained counsel. Dkt. No. 31 at 3. Therefore, the Court will not grant leave to amend.

### IV. CONCLUSION

The Court ADOPTS in part the Report and Recommendation, GRANTS the State Defendants' motion to dismiss, Dkt. No. 22, and DISMISSES this matter without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to any party appearing pro se at said party's last known address, and to Magistrate Judge Tsuchida.

Dated this 1st day of February, 2022.

Lauren King
United States District Judge