UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC COUNTY TEA PARTY,<br><br>      Plaintiff,<br>  v.<br><br>JAY INSLEE, *et al.*,<br><br>      Defendants. | CASE NO. 20-cv-00971-LK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

  This matter comes before the Court on a motion for reconsideration filed by James O'Hagan. Dkt. No. 38. Mr. O'Hagan seeks reconsideration of the Court's order adopting Judge Tsuchida's Report and Recommendation and granting Defendants' motion to dismiss. Dkt. No. 36.

  "Motions for reconsideration are disfavored," and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h). Mr. O'Hagan's motion is not properly before the Court. He is the only signatory to the motion, and he identifies himself below the signature line as "Political Prisoner &

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Next Friend James J. O'Hagan, by and for the Pacific County Tea Party." Dkt. No. 38 at 5. Mr. O'Hagan was a party in his own right, but he voluntarily dismissed his claims and is no longer pursuing any claims on his own behalf. Dkt. No. 15; Dkt. No. 36 at 3 n.3. Nor can he represent or file documents on behalf of Pacific County Tea Party; he is not an attorney. *See, e.g.*, *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.1 (9th Cir. 2004) (emphasizing that pleadings submitted by a non-attorney on behalf of a limited partnership "are not even valid"); *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Her Oceans v. Cmty. Outreach Behav. Servs., Inc.*, No. 1:21-CV-00198-DCN, 2021 WL 3172914, at *1 (D. Idaho July 27, 2021) (holding that a registered agent of a corporation could not represent it in federal court because the agent was not an attorney). Therefore, his motion for reconsideration is not properly before the Court and must be denied for that reason alone.

Even if the Court were to consider the filing, it does not demonstrate manifest error in the Court's prior order or new facts or legal authority. Instead, the motion reiterates arguments previously submitted to the Court. *Compare* Dkt. No. 24 *with* Dkt. No. 38.

Despite those shortcomings, the Court also addresses Mr. O'Hagan's argument that he should be allowed to represent the Pacific Tea Party as its "next friend." As the Supreme Court has explained, non-attorneys have been allowed to appear on behalf of others as their "next friends" only in narrow, specific circumstances that do not exist in this case. *See, e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149, 162–63 (1990) (noting that "next friends" most frequently appear in court on behalf of detained prisoners who are unable to seek relief themselves; in such cases, the purported next friend is required to prove that the real party in interest has a disability and a "significant relationship" with the filing party); 28 U.S.C. § 2242 (allowing next friend

applications for a writ of habeas corpus); Fed. R. Civ. P. 17(c)(2) (providing that a "minor or an incompetent person who does not have a duly appointed representative may sue by a next friend"). Mr. O'Hagan does not cite any statute or court rule that would give him next friend status in this lawsuit. And Pacific Tea Party has not asserted any claims or alleged any circumstances that could even potentially grant Mr. O'Hagan next friend status to sue on its behalf. *See generally* Dkt. Nos. 1, 15.

Accordingly, the Court DENIES Mr. O'Hagan's motion for reconsideration. Dkt. No. 38.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of July, 2022.

*Lauren King*

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3